JJD:CCC
F. #2011R01097

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

MICHAEL GORDON,

        Defendant.

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

TO BE FILED UNDER SEAL

AFFIDAVIT IN SUPPORT OF
OF APPLICATION FOR
ARREST WARRANT

(T. 18, U.S.C. § 1001)

MJ 12-1005

    ERIC NIEVES, being duly sworn, deposes and says that he is a Special Agent with the Internal Revenue Service ("IRS"), duly appointed according to law and acting as such.

    Upon information and belief, on or about October 24, 2012, within the Eastern District of New York, the defendant MICHAEL GORDON did knowingly and willfully make materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of a department of the Government of the United States.

    (Title 18, United States Code, Section 1001)

    The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

1. I am a Special Agent with the Internal Revenue Service, Criminal Investigation, and have been so employed for approximately six years. During this time, I have directed, conducted and participated in several investigations of criminal violations of the federal tax laws. During the course of these investigations, I have interviewed targets, executed search and arrest warrants, utilized sources and conducted surveillance.

2. I have been conducting an investigation into potential violations of tax laws committed by the defendant MICHAEL GORDON for the tax year 2006. The information contained in this affidavit is based on my conversations with other federal law enforcement officers, IRS auditors, a confidential source, my review of bank records, IRS records and other government records.

3. The defendant MICHAEL GORDON came to the attention of the IRS because he did not pay federal income tax on income that he earned from selling his interest in Bumble and Bumble LLC and Bumble and Bumble Products LLC (collectively, "Bumble and Bumble"), companies that he partially owned. In September 2006, the defendant received approximately $29.6 million for selling his interest in Bumble and Bumble. I obtained the defendant's United States Individual Income Tax Returns ("Form 1040") for the tax year 2006 and none of this income was reflected on the defendant's Form 1040. Instead, on his Form 1040, the defendant reported that his adjusted gross income was $1,350,883; his

taxable income was $1,124,844; and he was owed a tax refund in the amount of $39,298.

    4.    As part of the investigation, on or about October 24, 2012, a special agent with the IRS, an Assistant United States Attorney with the Eastern District of New York and I met with the defendant and his attorney in Central Islip, New York.[2] During that meeting, the defendant made materially false statements.  While acknowledging that he knew that at the time that he filed in his tax return that he had to pay taxes on the money he received from selling his interest in Bumble and Bumble, the defendant falsely stated that he did not know that his federal income tax return contained false information (i.e., that he did not report the income from the sale of Bumble and Bumble on that return).  He also falsely stated that when he failed to pay taxes on this income, he was not doing so to evade paying taxes.  I interviewed a confidential source ("CS") who has known the defendant for approximately seven years in a personal capacity.  CS is not receiving any consideration, financial or

---

[2]    While the government met with the defendant and his attorney pursuant to a proffer agreement, the false statements that he made to the government during that meeting are not protected by the proffer agreement.  Specifically, the agreement states "[i]n any prosecution brought against [the defendant] by the [United States Attorney's Office for the Eastern District of New York (the "Office")], except a prosecution for false statements, obstruction of justice, or perjury with respect to acts committed or statements made at or after the Meeting, the Office will not offer in evidence any statements made by Client at the Meeting (A) in its case-in-chief or (B) at sentencing."

4

otherwise, for his/her service.[3] CS told me that after the defendant received the income from the sale of Bumble and Bumble, he was actively seeking ways to hide the money from the IRS, including sending the money overseas, so that he would not have to pay taxes on that income. CS further explained that he/she advised the defendant that he had to pay taxes on these monies and that sending the monies overseas did not absolve him of his tax obligations. Despite that, the defendant did not report this income on his tax return.

WHEREFORE, I respectfully request that an arrest warrant be issued so that MICHAEL GORDON may be dealt with according to law.

Because disclosure of the contents of this Affidavit and Arrest Warrant would possibly result in the flight of the defendant, it is further requested that this Affidavit and the

---

[3] I believe CS to be a reliable source as information provided by CS has been corroborated by other sources, including bank records, IRS records and other government records.

5

Arrest Warrant be filed under seal and remain under seal until further order of the Court.

*[signature: Eric Nieves]*
ERIC NIEVES
Special Agent
Internal Revenue Service

Sworn to before me this
9th day of November, 2012

_____
United States Magistrate Judge
Eastern District of New York